## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**D'LANTAY PERRY**                                            **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:20-CV-P571-GNS**

**DEWAYNE CLARK et al.**                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

      Plaintiff D'Lantay Perry filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed in part and allowed to continue in part.

### I. STATEMENT OF FACTS

      Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), names as Defendants two LMDC employees in their individual and official capacities: Director Dewayne Clark and Deputy Director Martin Baker. He alleges that Defendants are responsible for his care and treatment at LMDC and that they have failed to provide a safe environment because they have allowed "the growth of black mold, dangerous bacteria and deadly fungus to grow [in LMDC]." He states that he has filed several grievances and appealed the decisions of those grievances because Defendants continue to ignore the issues.

      Plaintiff states that these conditions are causing him breathing problems and has caused him to have asthma. He alleges that the pain in his chest does not allow him to sleep at night and makes it hard to breathe at times. He further alleges that his Eighth Amendment right has been

violated and that the American Correctional Standards and Department of Health Codes are not being practiced.

As relief, Plaintiff requests monetary and punitive damages and injunctive relief in the form of being released from "illegal detention."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2).

### A. Constitutional claim

Plaintiff cites to the Eighth Amendment. However, he is a pretrial detainee. The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). The Sixth Circuit has "historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[1]

Upon consideration, the Court will allow a Fourteenth Amendment conditions-of-confinement claim to proceed against Defendants in their individual and official capacities based

---

[1] At this time, the Sixth Circuit has recognized only one explicit exception to the general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment. This exception applies to excessive-force claims brought by pretrial detainees. *Id.* at 938 n.3 (noting that *Kingsley v. Hendrickson*, ⸺ U.S. ⸺, 135 S. Ct. 2466 (2015), abrogated the subjective-intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee).

on Plaintiff's allegation that the presence of mold, bacteria, and fungus at LMDC has caused him breathing problems. In allowing this claim to proceed, the Court passes no judgment on its merit or the ultimate outcome of this action.

### B. Request for release from detention

Among the relief Plaintiff seeks is release from "illegal detention." However, where a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[2] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, because the injunctive relief Plaintiff seeks cannot be granted in this § 1983 action, the Court must dismiss this claim.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's claim seeking release is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of Plaintiff's remaining claims, *i.e.*, his Fourteenth Amendment claim related to his conditions of confinement against Defendants in their individual and official capacities.

Date: January 12, 2021

Greg N. Stivers, Chief Judge
United States District Court

Cc: Plaintiff, pro se
Defendants
Jefferson County Attorney
4416.009

---

[2] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.").